United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-30910
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LERON MICHAEL ALEXANDER,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:03-CR-00279-1
---------------------

Before JOLLY, GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Leron Michael Alexander appeals from his conviction of three counts of bank robbery, one count of carjacking, and four counts of using, carrying, or brandishing a firearm during a crime of violence. Alexander contends that the two firearm charges arising from the June 18, 2001, carjacking and bank robbery he committed should have resulted in one firearm sentence under 18 U.S.C. § 924(c) because the predicate offenses were grouped under the Sentencing Guidelines and because the carjacking and bank robbery

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

occurred nearly simultaneously. He also argues that the district court erred by adjusting his guideline sentencing level as to one of his bank robberies because one of his victims was a vulnerable victim.

The evidence showed that Alexander brandished a firearm when he committed his carjacking offense, then again when he robbed the bank. Therefore, Alexander used a firearm twice to commit two different predicate offenses, carjacking and bank robbery. There were thus two units of prosecution, see United States v. Phipps, 319 F.3d 177, 186 (5th Cir. 2003), and § 924(c) authorized separate convictions and sentences. See id.

We need not address whether the vulnerable victim adjustment was erroneous. Without the adjustment, Alexander's combined offense level for his multiple offenses would have remained 28, see U.S.S.G. § 3A1.4(a), and his total offense level would have remained the same. Any error regarding the vulnerable victim adjustment is thus harmless. See United States v. Sidhu, 130 F.3d 644, 652 (5th Cir. 1997).

AFFIRMED.